UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

United States of America,

Plaintiff,

v.

Michael Ray Pitre, Jr.,

Defendant.

No. 2:20-CR-00231-KJM

ORDER

The duty magistrate judge ordered the pretrial release of defendant Michael Pitre subject to conditions meant to mitigate the danger he poses to other persons and the community. The government has moved for revocation of defendant's pretrial release, arguing he is a flight risk and poses a danger to the community. ECF No. 16. Defense counsel has filed a brief in opposition. ECF No. 17. This court heard argument on December 14, 2020, at which Assistant United States Attorney Adrian Kinsella represented the government; Rachelle Barbour and Megan Hopkins represented Mr. Pitre. During hearing, the government provided an audio recording of a federal agent's interview of defendant, most of which followed a *Miranda*[1] advisement. The court recessed to listen to portions of the audio recording, and then heard further argument; following argument the court submitted the matter subject to listening to the entire

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

audio recording, which it has now done. The government has lodged a copy of the audio recording with the court to preserve the record. Notice of Lodging, ECF No. 20. As explained below, the court **grants** the government's motion.

## I. BACKGROUND

The court reviews here the background as relevant to the government's motion, relying on uncontested representations in the parties' briefs, the Pretrial Services Office Reports dated December 3 and 8, 2020, and the audio recording of the agent's interview of Mr. Pitre.

Mr. Pitre, who is 35 years old, currently is charged in a criminal complaint with violation of 18 U.S.C. § 922(g)(1), for felon in possession of a firearm. ECF No. 1. At hearing, the prosecutor represented he would be seeking an indictment from the grand jury later this week, without indicating whether he will be seeking additional charges. According to the complaint and as confirmed by the court's Pretrial Services Office, Pitre has two prior state felony convictions, one in a 2008 robbery case for which he received a four year sentence and the other for a 2015 burglary case for which he received six years. *Id.* at 5. In 2019, his state parole was revoked in the most recent case. *Id.* At this time, he is not subject to any term of probation or parole. The court notes the initial Pretrial Services Office report shows a 2019 arrest based on felon in possession of a firearm and prohibited possession of ammunition; prosecution was deferred based on the separate parole revocation.

Mr. Pitre has two minor daughters of his own; he has full custody of the oldest daughter and shares custody of the younger. He also helps care for his girlfriend's minor daughter. At the time of his arrest he had plans to begin trucking school; at hearing his attorney represented that he should still be able to participate in this training if released.

At the time agents executed the search warrant leading to the charge here, Mr. Pitre was at his mother's home, where he occasionally spends the night when he is not staying with his girlfriend. He told the agent interviewing him he stays at his mom's because she misses his dad, who died recently. When he stays with his mother, he sleeps on the floor in the living room next to the couch; he sleeps on the floor as a way of keeping the couch, which his mother values, in

/////

good condition. Mr. Pitre's daughters sleep in a back bedroom, which technically is his; even when only the oldest daughter is there, he sleeps in the living room.

Upon executing the search warrant, agents found a gun on the arm of the living room couch with a loaded magazine nearby; Mr. Pitre admitted that the gun, a loaded Ruger 57 pistol, was his. He says he put it there before going to bed. Agents also found a loaded short barrel Anderson Manufacturing AM-15 short barrel rifle in the closet of Mr. Pitre's room where his daughters sleep; he admitted this gun was his and that "some of the ammo" also in that room was his. Agents also searched Mr. Pitre's truck and found a loaded non-serialized machine gun, a 60-round machine gun containing 42 rounds, along with other items including a white face mask, vehicle trackers and ammunition. Mr. Pitre told agents he had driven the truck the night before, and at one point he had driven his oldest daughter home in the truck. With its motion before this court, the government has provided photographs of the three firearms. ECF No. 16 at 5-6. Mr. Pitre also told agents he has been shot twice before, and had firearms for the purpose of protecting himself. He said he believes in protecting himself and his kids and with his dad gone, he is "all they have left."

The agents also found other firearms and ammunition during the search of Mr. Pitre's mother's home. Apparently, these other items belonged to Mr. Pitre's father, who reportedly was a gun enthusiast; defendant's charge rests only on the three firearms identified above. Defense counsel represented that agents seized all firearms and ammunition from the home.

After holding a detention hearing, the magistrate judge determined Mr. Pitre is not a flight risk; while she found the danger he poses "not insignificant," she granted Mr. Pitre's release on conditions including: the cosigning of a $25,000 unsecured bond by his mother and girlfriend; strict home confinement with location monitoring; a curfew requiring Mr. Pitre to remain inside his mother's residence, where he would reside, from 9 p.m. to 7 a.m.; quarantine provisions to prevent the transmission of the coronavirus; and other standard conditions of pretrial release. ECF Nos. 8 (minutes), 11 (hearing transcript). The record before the magistrate judge reflected that four persons had provided character letters in support of Mr. Pitre; this court has reviewed those letters, provided by the Pretrial Services Officer.

After issuing her order, the magistrate judge granted the government's request for a stay, during which time the government filed the motion here.

## II. LEGAL STANDARD

"If a person is ordered released by a magistrate judge . . . the attorney for the Government may file . . . a motion for revocation of the order." 18 U.S.C. § 3145 (a). The district court reviews *de novo* "the evidence before the magistrate and makes its own independent determination whether the magistrate's findings are correct, with no deference." *United States v. Koenig*, 912 F.2d 1190, 1191, 1193 (9th Cir. 1990). The district court may also receive new evidence and consider that in its *de novo* review, *id.*, as it has done here.

While the Bail Reform Act generally favors release of a defendant facing criminal charges in a case such as this one that does not give rise to a rebuttable presumption of detention, *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985) (policy favoring release); *United States v. Twine*, 344 F.3d 987, 988 (9th Cir. 2003) (felon in possession not crime of violence), it does provide for pretrial detention where a defendant is a demonstrated flight risk or danger to another person or the community. 18 U.S.C. § 3142 (b); *Motamedi*, 767 F.2d at 1406. Pretrial detention shall be ordered when the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Here, the court agrees with the magistrate judge that Mr. Pitre does not pose a flight risk, and so focuses only on whether he poses a danger to the community and if so whether that danger can be addressed through conditions of pretrial release.

The government bears "the burden throughout the proceeding to show by clear and convincing evidence that no condition or combination of conditions would reasonably assure . . . the safety of the community." *United States v. Moore*, 607 F. Supp. 489, 497 (N.D. Cal. 1985). "A [court's] finding that a defendant is a danger to any other person or the community must be supported by 'clear and convincing evidence.'" *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (citing 18 U.S.C. § 3142(f)(2)(B)).

/////

/////

Title 18 U.S.C. § 3142(g) specifies the factors the court considers in determining whether conditions will reasonably ensure the safety of the community:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> a. the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> b. whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). Of these factors, the weight of the evidence "is the least important," *Motamedi*, 767 F.2d at 1408 (citation omitted), given the presumption of innocence that attaches to a defendant at the pretrial stage of a criminal proceeding, *Bell v. Wolfish*, 441 U.S. 520, 533 (1979); 18 U.S.C. § 3142(j) ("Nothing in this section shall be construed as modifying or limiting the presumption of innocence."). "Section 3142 neither requires nor permits a pretrial determination that the person is guilty; the evidence of guilt is relevant only in terms of the likelihood that the person will fail to appear or will pose a danger to the community." *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986) (citing 18 U.S.C. § 3142; *Motamedi*, 767 F.2d at 1408).

Even recognizing the standard applicable here is that of clear and convincing evidence, "the issue of how much proof is necessary at a pretrial detention hearing," given the presumption of innocence, is a question with which courts have wrestled. *United States v. Freitas*, 602 F. Supp. 1283, 1291–92 (N.D. Cal. 1985). Some district courts have found a showing of probable

cause provides sufficient due process protections to support finding a defendant "committed the offense with which he is charged" as relevant to pretrial detention, as long as the showing is accompanied by the procedural protections prescribed by the Bail Reform Act. *Id.* (rejecting proof beyond reasonable doubt standard; citing *United States v. Edwards*, 430 A.2d 1321, 1339 (D.C.Ct.App. 1981); *Morrissey v. Brewer*, 408 U.S. 471, 485–89 (1972)). One sister court recently relied on a defendant's admissions in evaluating dangerousness, in denying a motion for temporary release from his pretrial detention. *See United States v. Hernandez*, No. 2:19-CR-00737-ODW, 2020 WL 4287585, at *3 (C.D. Cal. July 24, 2020) (weight of evidence compelling when defendant admitted to possessing drugs that were his and a loaded gun he said he borrowed from a friend). Here, the court finds it may rely on defendant's admissions made during the agent's interview of him following execution of the search warrant.

## III. ANALYSIS

Reviewing the record *de novo*, and considering the audio recording now part of the record before this court, the court considers first whether the government has carried its burden to establish Mr. Pitre poses a danger to the other persons or the community if released.

The court finds the government has met its burden by clear and convincing evidence, given the nature and circumstances of the charged offense, Mr. Pitre's criminal history and the nature and seriousness of the danger to others posed by his release. The court reaches this conclusion without assuming Mr. Pitre's guilt on the felon in possession charge, or giving undue weight to the evidence against Mr. Pitre. It does rely on critical admissions he made during the agent's interview of him, regarding his possession of loaded firearms in close proximity to his daughters and his mother in the family home. Specifically, Mr. Pitre admits to placing the loaded Ruger 57 pistol he carried on his person on the arm of his mother's couch next to which he slept; his daughters and mother were sleeping in the house at the time. He also admits the loaded AM-15 short barrel rifle, located in the closet of his bedroom used by his two minor daughters, was his. And he admits to driving his truck, with his oldest daughter in it, the night before the agents' early morning search of the truck, which located the loaded 60-round machine gun containing 42 rounds, along with a face mask, vehicle trackers and ammunition. As the government argued to

the magistrate judge regarding the items in the truck, "you can't do anything good with that combination of items, your Honor." ECF No. 11 at 3:15-17.

Mr. Pitre's criminal history, with two prior felonies and significant state prison terms, followed by a recent, 2019 violation of parole, also weigh in the government's favor. *United States v. Phillips*, No. 2:19-CR-0081 KJM, 2020 WL 2084808, at *3 (E.D. Cal. Apr. 30, 2020) (noting "extensive criminal history" weighed against defendant). Without assuming Mr. Pitre would have been convicted of felon in possession based on his 2019 state arrest, that arrest presumably put him on notice of the consequences of firearm possession, given his prior felony convictions.

In concluding Mr. Pitre poses a danger, the court also has considered his family ties and the responsibility he accepts for his daughters and the daughter of his girlfriend, as well as his concrete plans to begin training to become a commercial trucker, all factors that weigh in his favor. The court also acknowledges Mr. Pitre's expressed concern for his own safety as a reason to possess a firearm, notwithstanding his prior felony convictions. These considerations, however, do not outweigh the government's showing, which it has made by clear and convincing evidence.

The court thus considers whether the government also has shown, by clear and convincing evidence, that under the Bail Reform Act "no condition or combination of conditions will reasonably assure the safety of any other person and the community." 18 U.SC. § 3142(f); *see also* 18 U.S.C. 3142(c) (reviewing conditions that may allow for release). Here, the magistrate judge identified a robust combination of conditions that, in this court's estimation, provide a floor; that is, all of those conditions would need to be included in any release order allowing for Mr. Pitre's release. The conditions include, as noted above, the cosigning of an unsecured $25,000 bond by Mr. Pitre's mother and girlfriend; strict home confinement with location monitoring, with preapproval by a Pretrial Services Officer of any departure from the home; a curfew requiring Mr. Pitre to remain inside his approved residence, from 9 p.m. to 7 a.m.; quarantine provisions to prevent the transmission of the coronavirus; and other standard conditions of pretrial release. *See* ECF No. 11 (hearing transcript delineating numerous

conditions). Even these conditions are not sufficient, however, given the seriousness of the danger Mr. Pitre poses as reviewed above, and the fact that he possessed the three loaded firearms in close proximity to his minor daughters and his mother, and two of those firearms in his mother's home. The court thus grants the government's motion.

At the same time, given the apparent availability of other conditions that might support granting release, subject to further close scrutiny by the court with the assistance of the Pretrial Services Officer, the court grants the motion without prejudice to Mr. Pitre's renewing his efforts before this court to obtain release. If Mr. Pitre does ask this court to revisit its decision here, he must be prepared to identify an appropriate residence and a third party custodian who will assure the court that person will not tolerate Mr. Pitre's possession or control of any firearms and will qualify for approval by the Pretrial Services Officer. He also must be prepared to identify all other assets available and other sureties prepared to support his release, that could increase the amount of any bond. He must further provide updated information on the status of his ability to enter the trucking school he previously had signed up for.

## IV. CONCLUSION

The court **grants** the government's motion as set forth above.

This order resolves ECF No. 16.

IT IS SO ORDERED.

DATED: December 15, 2020.

CHIEF UNITED STATES DISTRICT JUDGE