MCGREGOR W. SCOTT
United States Attorney
ADRIAN T. KINSELLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>      v.<br><br>MICHAEL RAY PITRE, JR.,<br><br>           Defendant. | CASE NO.  2:20-CR-231-KJM<br><br>STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE: DISSEMINATION OF DISCOVERY DOCUMENT AND/OR INFORMATION SUBJECT TO A PROTECTIVE ORDER |

**STIPULATION**

IT IS HEREBY STIPULATED AND AGREED among the parties and their respective counsel, as follows:

1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and its general supervisory authority.

2. This Order pertains to the following discovery: PITRE_PROTECTED_00000001 to PITRE_PROTECTED_00000179 provided to and/or made available to defense counsel as part of discovery in this case (hereafter, collectively known as "the protected discovery").

3. The government has represented that the protected discovery in this matter pertains to the defendant's prior convictions and contains personal identifying information of victims and witnesses. This protected discovery includes police reports and witness statements replete with PII, such that redaction is not reasonably feasible.

4. The parties request the Court's order in this matter because the sensitivity of third-parties' personal identifying information and other data discussed here requires special protection.

5. Defense counsel shall not disclose any of the protected discovery to any person and/or entity, the defendant/client, and/or witnesses that they may be interviewing and/or preparing for trial and/or attorneys, law clerks, paralegals, secretaries, experts, consultants and/or investigators involved in the representation of defense counsel's defendant/client in this case, with the following exception:

If defense counsel releases custody of any of the protected discovery and/or information, and/or authorized copies thereof, to any person and/or entity described in paragraph 5, defense counsel shall provide such recipients with copies of this Order and advise that person that the discovery is the property of the United States Government, that the protected discovery and information therein may only be used in connection with the litigation of this case and for no other purpose, and that an unauthorized use of the discovery may constitute a violation of law and/or contempt of court.

6. The discovery and/or information therein may only be used in connection with the litigation of this case and for no other purpose. The protected discovery is now and will forever remain the property of the United States Government. Defense counsel will return the protected discovery to the Government or certify that it has been shredded and/or deleted at the conclusion of the case, except that Defense counsel may keep one copy for its own files, subject to the security restrictions stated in this document.

7. Defense counsel will store the protected discovery in a secure place and will use reasonable care to ensure that it is not disclosed to any other persons in violation of this agreement.

8. If defense counsel makes, or causes to be made, any further copies of any of the protected discovery, defense counsel will inscribe the following notation on each copy: "U.S. Government Property; May Not be Used Without U.S. Government Permission."

9. Protected discovery materials, while in the custody and control of the defense attorney, may be reviewed by the defendant represented by a defense attorney, licensed

STIPULATION AND [PROPOSED] PROTECTIVE ORDER       2

investigators employed by the defense attorney, and any other individuals deemed necessary by the defense attorney.  Defendants are prohibited from copying the materials or maintaining personal copies of any such materials and shall be prohibited from transporting any of these materials to their cellblocks, if applicable.

10. Defense counsel shall be responsible for advising their defendant/client, employees and other members of the defense team and defense witnesses of the contents of this Stipulation and Order.

IT IS SO STIPULATED.

Dated:  December 28, 2020

McGREGOR W. SCOTT
United States Attorney

 /s/ Adrian T. Kinsella
ADRIAN T. KINSELLA
Assistant United States Attorney

Dated:  December 28, 2020

 /s/ MEGAN HOPKINS
MEGAN HOPKINS
Assistant Federal Defender
Counsel for Defendant

## ORDER [MODIFIED]

For good cause shown, the stipulation of counsel in criminal case number 2:20-CR-231-KJM, is approved, except to the extent of any conflict with the Federal Rules of Criminal Procedure and this court's Local Rules. In such case, the Federal Rules of Criminal Procedure and the Local Rules will apply, notwithstanding any stipulation by the parties.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated:  December 29, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

STIPULATION AND [PROPOSED] PROTECTIVE ORDER   3